1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5
6

MYRON GAYLORD BRANDON,

7

Plaintiff,

8

v.

9

STRANGE, STEPHEN SINCLAIR, LARRY
M. CONNELS, JOHN CAMPBELL, JASON
BENNETT

10
11

Defendants.

Case No. 3:24-cv-05399-DGE-TLF

ORDER TO SHOW CAUSE OR
FILE AN AMENDED THE
COMPLAINT

12        This matter is before the Court on plaintiff's filing of a civil rights complaint.

13   Plaintiff is unrepresented by counsel and seeks *in forma pauperis* (IFP) status in this

14   matter. Considering deficiencies in the complaint discussed below, however, the

15   undersigned will not direct service of the complaint at this time. On or before **August 1,**

16   **2024**, plaintiff must either show cause why this cause of action should not be dismissed

17   or file an amended complaint.

18        Plaintiff filed "motion of addendum and petition court under 26 Seattle U.L. Rev.

19   149." Dkt. 26. However, this motion is at best premature, plaintiff's complaint has not yet

20   been served. Furthermore, it is unclear what plaintiff is asking for in this motion.

21   Therefore, the motion (Dkt. 26) is DENIED.

22
23
24
25

1    Similarly, plaintiff filed a motion for extension of time. Dkt. 28. There is nothing

2    pending at this time, and plaintiff may address any issues in the amended complaint.

3    Therefore, this motion (Dkt. 28) is also DENIED.

4    Plaintiff has filed numerous other documents including "motion to proceed with

5    case" (Dkt. 5), "motion to proceed with plaintiff's back ground and on going case history"

6    (Dkt. 6), "plaintives opening statement and accusation against the defendants" (Dkt. 10),

7    "motion to help plaintiff review and obtain medical records" (Dkt. 11), "motion for the use

8    of James A. Kinney to use as a court appointed legal advisor, counsel, and preparateur"

9    (Dkt. 12), "motion for continuance" (Dkt. 13), "motion to object to any time bar under

10   RCW 10.73.090, under RCW 10.70.100" (Dkt. 19), and "proposed motion to enter in

11   mental and health reports" (Dkt. 24). A number of these filings have been signed by

12   James A. Kinney. *See* Dkts. 5, 6, 10, 13, 19, 24. There are several filings that include

13   Mr. Kinney's signature but not Mr. Brandon's. *See* Dkt. 13, 19.

14   Plaintiff is apparently seeking to have Mr. Kinney represent him (Dkt. 12). Mr.

15   Kinney is also a prisoner; he lists the address for Stafford Creek Corrections Center,

16   and prisoner number #835603, next to his signature. *See* Dkt. 11 at 3. Additionally, Mr.

17   Kinney provides what is seemingly his National Lawyers Guild number, however, he

18   does not provide a bar association number or any other information indicating that he is

19   an attorney. *See id*. A non-attorney may not appear on behalf of anyone other than

20   himself in court. *See Johns v. County of San Diego*, 114 F.3d 874, 876-77 (9th Cir.

21   1997).

22   The Court ORDERS that plaintiff is not to file any motions, pleadings, or other

23   legal documents with the Court that are signed by a representative who is a non-lawyer.

24

25

ORDER TO SHOW CAUSE OR FILE AN AMENDED
THE COMPLAINT - 2

If plaintiff is seeking to add additional information to his complaint, he must include it in his amended complaint, if he chooses to file one.

BACKGROUND

**1. Procedural History**

On March 20, 2024 plaintiff Myron Gaylord Brandon filed an application for leave to proceed IFP and a proposed 42 U.S.C. § 1983 complaint in the U.S. District Court for the Eastern District of Washington. Dkt. 1. Plaintiff had multiple filing deficiencies. *See* Dkts. 7, 9, 14. On May 20, 2024, the Honorable Rosanna Malouf Peterson determined that venue was improper and ordered this case to be transferred to this Court. Dkt. 20.

**2. Facts**

Plaintiff asserts in the Proposed Complaint that he is in custody at Stafford Creek Corrections Center (SCCC). Dkt. 1. at 2. Plaintiff names five defendants – Ms. Strange, Secretary of the Department of Corrections (DOC), Stephen Sinclair, Director of the DOC, Larry M. Connels, mental health therapist at the DOC, John Campbell, DOC staff member, and Jason Bennett, the superintendent at the SCCC. *Id*. at 3.

Plaintiff alleges that he is "an old man, and frail," and DOC staff members repeatedly and intentionally placed gang members into his cell and provided no protection. *Id*. at 4. Plaintiff states he has submitted grievances regarding his cell conditions and alleges that the DOC has not responded. *Id*. at 5. Plaintiff alleges that as a result, he has had property solen, such as medications, and has suffered heart attacks due to the stress and physical contact from his cellmates. *Id*. Plaintiff alleges that the DOC staff harasses him. *Id*. at 7.

Plaintiff seeks physical and mental healthcare, and compensation for all physical and mental abuse that has occurred since 2018. *Id*. at 9.

DISCUSSION

**1. Standard**

The Court must dismiss the complaint of a prisoner proceeding IFP "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. U.S.*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the

1    Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

2    Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these

3    elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

4        **2. Rule 8**

5            Under Federal Rules of Civil Procedure (Fed. R. Civ. P.) 8(a), a complaint must

6    contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to

7    relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed.

8    R. Civ. P. 8(d). Plaintiff must allege a plausible set of facts that would show they are

9    entitled to any relief.  Mere conclusory statements in a complaint and "formulaic

10   recitation[s] of the elements of a cause of action" are not sufficient. *Ashcroft v. Iqbal,*

11   556 U.S. 662, 681 (2009).

12           Here, the Proposed Complaint lists factual conclusions that the DOC intentionally

13   and repeatedly placed individuals with gang related backgrounds in plaintiff's cell. *See*

14   Dkt. 1. Plaintiff states legal conclusions — that his rights were violated — but fails to

15   provide facts to support a plausible claim. *Id*. He states that he was constantly harassed

16   by staff at various DOC institutions, but he fails to plead any facts describing acts or

17   omissions of DOC staff members on particular dates or time frames, nor does he assert

18   particular acts or omissions of each defendant. In sum, plaintiff has failed to provide

19   allegations of facts that would support a plausible claim for relief.

20           Plaintiff filed documents with the Court, such as grievances. *See* Dkt. 19. If

21   plaintiff attaches these documents to an amended complaint, he must still include

22   sufficient facts in the complaint itself to support his claims. *See Khoja v. Orexigen*

23   *Therapeutics, Inc.,* 899 F.3d 988, 1002-03, 1018 (9th Cir. 2018) (only the uncontested

24

25

facts contained in documents attached to a complaint may be considered by the Court

under the incorporation by reference doctrine; complaint must allege sufficient facts in

the body of the complaint to support a plausible claim); *Iqbal,* 556 U.S. at 681.

### a.  Eighth Amendment

It appears plaintiff is bringing a claim under the Eighth Amendment, yet plaintiff

failed to assert facts regarding the individual defendants that he contends violated his

right to adequate protection from harm from other inmates.

The Eighth Amendment requires prison officials to take reasonable measures to

guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison

officials have a duty to protect prisoners from violence suffered at the hands of other

prisoners. *Id.* at 833. However, not every injury suffered by a prisoner at the hands of

another is a violation of a prisoner's constitutional rights. *Id.* at 834.

In cases alleging a constitutional violation based on a failure to prevent harm, the

plaintiff must first meet an objective component by showing "he is incarcerated under

conditions posing a substantial risk of serious harm." *Id.* A plaintiff must also meet a

subjective component by showing the prison official acted with deliberate indifference to

inmate health or safety. *Id.*; *Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("[A] claim that

a prisoner's confinement violate[s] the Eighth Amendment requires an inquiry into the

prison officials' state of mind."). "[A] prison official cannot be found liable under the

Eighth Amendment . . . unless the official knows of and disregards an excessive risk to

inmate health or safety; the official must both be aware of facts from which the inference

could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference." *Farmer*, 511 U.S. at 837; *see Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir.

1  1995). A prison "official's failure to alleviate a significant risk he should have perceived

2  but did not," therefore, cannot "be condemned as the infliction of punishment." *Farmer*,

3  511 U.S. at 826.

4      Plaintiff states that he has repeatedly been put into cells with known gang

5  members, had his property stolen, and has been beaten up. Dkt. 1. Plaintiff has not

6  stated facts to show on particular dates or time frames, that any specific individual

7  prison official, or specific officials working together, placed him in these allegedly

8  dangerous situations. Nor does he assert sufficient facts to allege that these officials did

9  so with deliberate indifference. Instead, he simply makes a statement that there were

10  intentional, repeated failures to protect, and this statement is made as a conclusion. If

11  plaintiff wishes to amend his complaint, he must allege sufficient facts to establish a

12  plausible claim, as discussed above.

13      **3.  Three Strikes Under 28 U.S.C. § 1915(g)**

14      The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, governs IFP

15  proceedings. Under § 1915(a), a district court may waive the filing fee for civil

16  complaints by granting IFP status to individuals unable to afford the fee. *Andrews v.*

17  *Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that

18  prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits,

19  the PLRA altered the IFP provisions for prisoners in an effort to discourage such

20  suits." *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en

21  banc)). Indigent prisoners still receive IFP status if they meet the requirements, but

22  § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds

23

24

25

ORDER TO SHOW CAUSE OR FILE AN AMENDED
THE COMPLAINT - 7

become available in their prison accounts. 28 U.S.C. § 1915(b); *Cervantes*, 493 F.3d at 1051.

"Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52. A dismissal – with or without prejudice – for failure to state a claim, or for a complaint that is frivolous or malicious, will constitute a strike under this statute. *Lomax v. Ortiz-Marquez,* 140 U.S. 1721, 1726-27 (2020). The "three-strikes rule," contained in § 1915(g), states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A review of court records shows at least two of the cases plaintiff filed while incarcerated were dismissals that constituted strikes. In *Brandon v. Quinn et al*, plaintiff's case was dismissed on March 2, 2010 for failure to state a claim upon which relief could be granted. *See* Dkt. 7 in Case No. 09-01776 RSM. In *Brandon v. Department of Corrections et al*, plaintiff's case was dismissed on December 16, 2021 for again failing to state a claim pursuant to 28 U.S.C. § 1915(g). Dkt. 17 in Case No. 21-05417 JCC.

Plaintiff has already brought two actions which were dismissed as frivolous, malicious, or for failure to state a claim; therefore, if plaintiff fails to state a claim in the amended complaint, he may receive a third strike and will have to show that he was under "imminent danger of serious physical injury," when filing future complaints

proceeding IFP. *See Cervantes*, 493 F.3d at 1053. Alternatively, plaintiff would have to pay the filing fee of $405.00.

CONCLUSION

Due to the deficiencies described above, the Court will not serve the Proposed Complaint (Dkt. 1). If plaintiff intends to pursue this action, he must file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before August 1, 2024**. In the amended complaint, plaintiff must write a short, plain statement telling the Court: (1) the constitutional or statutory right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety and contain the same case number. It may not incorporate any part of the original complaint by reference.

The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. Any fact or cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet. **Additionally, the Clerk is directed to re-note plaintiff's IFP application to August 1, 2024.**

Dated this 11th day of July, 2024.

Theresa L. Fricke
United States Magistrate Judge