UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MYRON GAYLORD BRANDON,

              Plaintiff,

v.

STRANGE, et al.,

              Defendants.

Case No. 3:24-cv-05399-DGE-TLF

SECOND ORDER TO SHOW CAUSE

This matter comes before the Court on plaintiff's motion to proceed *in forma pauperis* ("IFP") and his proposed amended complaint. Dkts. 33, 34. Considering deficiencies in the complaint discussed below, however, the undersigned will not direct service of the complaint at this time. On or before September 26, 2024, plaintiff must either show cause why this cause of action should not be dismissed or file an amended complaint.

DISCUSSION

**1. Standard**

The Court must dismiss the complaint of a prisoner proceeding IFP "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*,

SECOND ORDER TO SHOW CAUSE - 1

745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. U.S.*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

## 2. Rule 8

Under Federal Rules of Civil Procedure (Fed. R. Civ. P.) 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Plaintiff must allege a plausible set of facts that would show they are entitled to any relief. Mere conclusory statements in a complaint and "formulaic

recitation[s] of the elements of a cause of action" are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

The amended complaint seems to refer to a document from another case. Dkt. 33 at 4. Yet the information from the other case does not show any connection or relevance to the current case. *Id*. at 5. The amended complaint states that plaintiff has suffered an injury and harm due to the 15 month delay in having his appointment with the cardiologist but he does not provide factual details about the delay such as who was responsible for the delay and what actions were taken (or failed to happen) that caused the delay or how the delay harmed plaintiff and violated his constitutional rights. *Id*. Similarly, he states that he has been threatened by other inmates since being transferred to CRCC but does not explain how his rights were violated by a person acting under the color of state law. *Id*. at 6. Plaintiff also attaches copies of various grievances to the complaint.

If plaintiff chooses to amend his complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person(s) who violated the right; (3) exactly what each individual defendant did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Each claim for relief must be simple, concise, and direct. Fed. R. Civ. P. 8(d).

Additionally, all facts should be contained within the complaint, if plaintiff attaches grievances or refers to other documents he should fully describe the contents of those documents.

SECOND ORDER TO SHOW CAUSE - 3

### 3. Exhaustion

The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), requires that prisoners seeking to bring Section 1983 claims must first exhaust their administrative remedies:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C § 1997e(a).

Here it appears on the face of the complaint that at least one of plaintiff's claims may not be fully exhausted. Plaintiff states that the resolution request he filed on June 2, 2024 "as evidence that SCCC H-3 staff C.V.S Jones placement into cells in H-3 with inmates that help staff to retaliate against the plaintiff," is still pending on appeal. Dkt. 33 at 6. If plaintiff amends his complaint, it should include only those claims that have been administratively exhausted.

## CONCLUSION

Due to the deficiencies described above, the Court will not serve the Proposed Complaint (Dkt. 33). If plaintiff intends to pursue this action, he must file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before September 26, 2024**.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety and contain the same case number. It may not incorporate any part of the original complaint by reference.

SECOND ORDER TO SHOW CAUSE - 4

The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. Any fact or cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and a copy of this Order. **Additionally, the Clerk is directed to re-note plaintiff's IFP application (Dkt. 34) to September 26, 2024.**

Dated this 5th day of September, 2024.

Theresa L. Fricke
United States Magistrate Judge

SECOND ORDER TO SHOW CAUSE - 5