UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MYRON GAYLORD BRANDON,

                Plaintiff,

v.

STRANGE, et al.,

                Defendants.

Case No. 3:24-cv-05399-DGE-TLF

REPORT AND RECOMMENDATION

Noted for: January 21, 2025

This matter comes before the Court on plaintiff's response to the Order to Show Cause (Dkt. 39). Dkts. 46, 47, 48, 49. Plaintiff is unrepresented by counsel in this matter. This matter has been referred for review of the *in forma pauperis* ("IFP") application to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). Based on deficiencies with the proposed amended complaint (Dkt. 33), the Court recommends that plaintiff's IFP application be DENIED and this case be dismissed for failure to state a claim.

On March 20, 2024 plaintiff Myron Gaylord Brandon filed an application for leave to proceed IFP and a proposed 42 U.S.C. § 1983 complaint in the U.S. District Court for the Eastern District of Washington. Dkt. 1. Plaintiff had multiple filing deficiencies. *See* Dkts. 7, 9, 14. On May 20, 2024, the Honorable Rosanna Malouf Peterson determined that venue was improper and ordered this case to be transferred to this Court. Dkt. 20.

REPORT AND RECOMMENDATION - 1

Given the identified deficiencies in the complaint, the Court did not grant plaintiff's IFP application. Plaintiff was given until August 1, 2024 to show cause why his complaint should not be dismissed or file an amended complaint. Dkt. 29.

On August 5, 2024, plaintiff filed an amended complaint (Dkt. 33) and an amended IFP application (Dkt. 34). Given the deficiencies in the amended complaint the Court again declined to grant the IFP application and serve the application and plaintiff was given until September 26, 2024 to file an amended complaint. Dkt. 39. Plaintiff filed two motions asking for more time (Dkts. 40, 42) and was granted an extension until November 27, 2024. Dkt. 43.

Plaintiff has since filed multiple letters and other documents. Dkts. 44, 46, 47, 48, 49, 50. He requests the Court to consider evidence including a letter he wrote to the U.S. Department of Justice Civil Rights Division, various grievances, documentation from Providence Cardiology Associates, and a letter from Jeffery Uttecht. Dkts. 46, 47, 48, 49. Plaintiff has not submitted a second amended complaint. Plaintiff was directed in the previous Order to Show Cause ("OSC") to include all facts within the complaint, including descriptions of any attached documents.

Because plaintiff failed to cure the deficiencies the Court previously identified, and the complaint does not state a plausible cause of action, plaintiff's amended complaint (Dkt. 33) should be DISMISSED for failure to state a claim, and his application for IFP (Dkt. 34) should be denied.

**1. Three Strikes Under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, governs IFP proceedings. Under § 1915(a), a district court may waive the filing fee for civil

complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id*. (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc)). Indigent prisoners still receive IFP status if they meet the requirements, but § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. § 1915(b); *Cervantes*, 493 F.3d at 1051.

"Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52. A dismissal – with or without prejudice – for failure to state a claim, or for a complaint that is frivolous or malicious, will constitute a strike under this statute. *Lomax v. Ortiz-Marquez,* 140 U.S. 1721, 1726-27 (2020). The "three-strikes rule," contained in § 1915(g), states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As noted in the first OSC, two of plaintiff's previous cases were dismissed for failure to state a claim. *In Brandon v. Quinn et al*, plaintiff's case was dismissed on March 2, 2010 for failure to state a claim. *See* Dkt. 7 in Case No. 09-01776 RSM. In *Brandon v. Department of Corrections et al*, plaintiff's case was dismissed on December 16, 2021 for failure to state a claim pursuant to 28 U.S.C. § 1915(g). *See* Dkt. 17 in Case No. 21-05417 JCC.

Because the amended complaint (Dkt. 33) fails to state a claim here, the Court recommends that if the Court dismisses this case and denies IFP, this would constitute a strike under 28 U.S.C. § 1915(g).

## CONCLUSION

For the reasons discussed above, the Court recommends that this matter be dismissed without prejudice for failure to state a claim. A proposed Order and proposed Judgment accompany this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on January 21, 2025, as noted in the caption.

Dated this 3rd day of January, 2025.

Theresa L. Fricke
United States Magistrate Judge