UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MYRON GAYLORD BRANDON,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>STRANGE, et al.,<br><br>　　　　　　　　Defendants. | Case No. 3:24-cv-05399-DGE-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for   June 11, 2025 |

Plaintiff Myron Gaylord Brandon, a prisoner currently incarcerated at Washington State Penitentiary ("WSP"), proceeds *pro se* and *in forma pauperis* ("IFP") in this 42 U.S.C. § 1983 matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). This matter is before the Court on defendants' motion to revoke plaintiff's IFP status and to stay the answer deadline (Dkt. 71, 74) and plaintiff's motion for "Rule 35 relief" (Dkt. 76) and two motions for "Rule 26 relief" (Dkts. 79, 81).

For the reasons set forth below, the Court recommends that the District Judge should GRANT defendants' motion to revoke plaintiff's IFP status and stay the answer deadline (Dkts. 71, 74), because plaintiff has three strikes under 28 U.S.C. § 1915 (g). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Andrews v. King*, 398 F.3d 1113, 116 n. 1 (9th Cir. 2005); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007).

REPORT AND RECOMMENDATION - 1

The Court also recommends that plaintiff be directed to pay the remainder owed of the $405.00 filing fee within thirty (30) days of the order adopting the report and recommendation if he wishes to proceed with this lawsuit and that the action be terminated if he fails to do so. The Court also recommends that plaintiff's motions for "Rule 35 relief" (Dkt. 76) and "Rule 26 relief" (Dkts. 79, 81) be DENIED.

BACKGROUND

Plaintiff commenced this action on March 20, 2024, in the United States District Court for the Eastern District of Washington by filing a proposed civil rights complaint pursuant to 42 U.S.C. § 1983 and a proposed application to proceed IFP. Dkts. 1, 2. At the time plaintiff commenced this action he was housed at Stafford Creek Corrections Center ("SCCC"). *Id.*

In his original complaint, filed on March 20, 2024, plaintiff names as defendants: Strange, Secretary, Department of Corrections ("DOC"); Stephen Sinclair, Director of DOC; Larry M. Connels, Certified Mental Health Specialist; John Campbell, DOC staff member; and Jason Bennett, Superintendent of SCCC. Dkt. 1. Plaintiff alleges that since 2020, DOC has repeatedly put gang members in his cell and will not give him protection. *Id.* He alleges he has had medicines stolen and believes he has had a heart attack because of the constant "badgering." *Id.* He alleges his physical and mental health have diminished. *Id.* He alleges he is being "constantly harassed" by the staff at various DOC institutions has had a lack of medical help and his personal property stolen. *Id.* As relief, plaintiff requests "proper medical and mental healthcare" and to be compensated for the physical and mental abuse. *Id.*

REPORT AND RECOMMENDATION - 2

On May 20, 2024, plaintiff's case was transferred to this Court. Dkt. 20. On July 29, 2025, this Court issued an order to show cause noting deficiencies in plaintiff's pleadings and allowing him the opportunity to file an amended complaint to cure the deficiencies. Dkt. 29, 39. The Court deferred ruling on plaintiff's motion to proceed IFP pending plaintiff's response to the order to show cause. *Id.*

On August 5, 2024, plaintiff filed an amended complaint. Dkt. 33. On September 5, 2024, the Court issued another order to show cause noting deficiencies in plaintiff's pleadings and allowing him another opportunity to file an amended complaint to cure the deficiencies. Dkt. 39. The Court again deferred ruling on plaintiff's motion to proceed IFP pending plaintiff's response to the order to show cause. *Id.* Plaintiff subsequently filed several letters and other documents but failed to file a second amended complaint.

On January 3, 2025, the undersigned issued a report and recommendation recommending plaintiff's amended complaint be dismissed for failure to state a claim. Dkt. 51. On January 7, 2025, while the report and recommendation was pending, plaintiff filed a proposed second amended complaint. Dkt. 52. Plaintiff was housed at Washington State Penitentiary ("WSP") at the time he filed his proposed second amended complaint. *Id.* On January 8, 2025, the District Judge declined to adopt the report and recommendation in light of plaintiff's newly filed proposed second amended complaint and referred the matter back to the undersigned for further review in light of the proposed second amended complaint. Dkt. 53.

On February 19, 2025, the Court granted plaintiff's motion to proceed IFP and directed service of the newly filed second amended complaint – the current operative complaint (Dkt. 61).

REPORT AND RECOMMENDATION - 3

In his second amended complaint – the current operative complaint -- plaintiff names the following as defendants: Eric L. Jackson, Deputy Assistant Secretary of the DOC; Jason Bennett, Superintendent at SCCC; and Gollr, medical doctor at the DOC. Dkt. 61 at 3.

In Count I of the second amended complaint, plaintiff alleges defendant Jackson violated his Eighth Amendment rights to adequate personal safety and medical care. *Id.* He alleges since he transferred from MCC/SOU to SCCC "H-5" on July 25, 2022, he has had placement in cells with sex offenders in four units. *Id.* at 4-5. Plaintiff alleges he wrote to defendant Jackson several times informing him about concerns for his health and safety and constitutionally inadequate prison conditions. *Id.* He states that defendant Jackson responded by denying plaintiff's requests to transfer back to MCC/SOU/TRU or any minimum custody prison stating that prior to February 28, 2023, plaintiff did not qualify for such transfer. *Id.* Plaintiff claims he did qualify for the transfer. *Id.*

Plaintiff alleges in June 2024, the C.U.S. Mr. Jones forced plaintiff to cell with another inmate, James Berwick, who plaintiff appears to allege is white and has a racial bias against black and Hispanic individuals. *Id.* Plaintiff alleges on June 2, 2024, he received a "506 – serious infraction" for threatening Berwick "which is not true." *Id.* Plaintiff alleges on July 11, 2024, defendant Jackson transferred him to Coyote Ridge Corrections Center ("CRCC") at medium custody "knowing that prison had gang members, inadequate staff and no jobs." *Id.* Plaintiff alleges the that because of his placements at CRCC he received five serious infractions. *Id.*

REPORT AND RECOMMENDATION - 4

Plaintiff alleges he was injured in that he received inadequate safety and health care and denial of mental health treatment. *Id.*

In Count II, plaintiff alleges defendant Bennett violated his right to adequate health and safety under the Eighth Amendment. *Id.* at 6-7. Plaintiff alleges defendant Bennett violated this right by allowing him to be transferred to CRCC on July 11, 2024, knowing that plaintiff had a September 2024 clemency hearing. *Id.* He alleges defendant Bennett's decision to allow him to be transferred failed to provide plaintiff with constitutionally adequate safety from other inmates and staff, caused him to receive five serious infractions, and contributed to his December 2024 clemency proceeding being denied after DOC staff reported to the Board. *Id.* Plaintiff also alleges he was prescribed medications he was allergic to, specifically Zoloft. *Id.*

In Count III, plaintiff alleges defendant Gollr, a doctor at SCCC, violated his right to adequate medical care. *Id.* at 7-8. Plaintiff alleges on March 1, 2023, plaintiff was taken by SCCC transport to see a new cardiologist for his six-month heart examination and consultation. *Id.* Plaintiff alleges the cardiologist directed that plaintiff return to his office in six months or in September 2023. *Id.* Plaintiff alleges it took over fifteen months to see the cardiologist. *Id.* He alleges that DOC had refused to allow him to visit the cardiologist on time. *Id.* He alleges DOC did not call to set the appointment despite the direction that he return to the cardiologist in six months. *Id.*

Although unclear, plaintiff appears to allege that defendant Gollr was responsible for him not being seen by the cardiologist again at six months. *Id.* He alleges his health services resolution complaints against Gollr and a CPN (Bonifer) were substantiated at Levels 1, 2 and 3. *Id.* He alleges defendant Gollr's reports regarding incidents since

REPORT AND RECOMMENDATION - 5

1  March 1, 2023, are not accurate and that he is not "in remission." *Id.* He alleges he

2  takes psychotropic medications and needs to be examined by a cardiologist by

3  December 2024. *Id.*

4      As relief, plaintiff seeks prosecution or demotion from DOC of defendants

5  Jackson and Bennett. *Id.* at 9. He seeks an examination for his heart, blood, meds and

6  compensation. *Id.* He also seeks an immediate transfer to MCC/SOU. *Id.*

7      On March 26, 2025, defendants Jackson and Bennet moved to revoke plaintiff's

8  IFP status and to stay the answer deadline. Dkt. 71. Defendant Gollr, who is

9  represented by separate counsel, filed a notice of joinder joining in the motion to revoke.

10 Dkt. 74. Plaintiff filed opposition to the motion and defendants Jackson and Bennett filed

11 a reply. Dkts. 73, 75.

12     On April 8, 2025, plaintiff filed a motion for "Rule 35 relief." Dkt. 76. Defendants

13 filed opposition to the motion. Dkts. 77, 78.

14     On April 15, 2025, plaintiff filed a motion for "Rule 26 relief" and on April 24,

15 2025, plaintiff filed a second motion for "Rule 26 relief." Dkts. 79, 81.

16 <center>DISCUSSION</center>

17 A.    Relevant Legal Standards

18     Title 28 U.S.C. § 1915 of the United States Code governs proceedings *in forma*

19 *pauperis.* Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

REPORT AND RECOMMENDATION - 6

"This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim." *Id.* "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007).

Once a prisoner has incurred three strikes, they are barred from pursuing any further IFP action in federal court unless they show they are facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52. "[I]n determining a § 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citing *Andrews,* 398 F.3d at 1121 (holding that reviewing courts should make "careful evaluation" of "the orders dismissing those actions and other relevant information," and should "consider[ ] the underlying court orders [and] mak[e] an independent assessment")).

"The burden of establishing that three strikes have accrued is on the party challenging the prisoner's right to proceed *in forma pauperis*." *Knapp*, 738 F.3d at 1110 (citing *Andrews*, 398 F.3d at 1116). "[W]hen challenging a prisoner's IFP status, the defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" *Andrews*, 398 F.3d at 1120 (alteration in original) (quoting 28 U.S.C. § 1915(g)). "If a prima facie case is

REPORT AND RECOMMENDATION - 7

made out, the burden then shifts to the prisoner-plaintiff to rebut it." *Knapp*, 738 F.3d at 1110.

B.  Analysis

Defendants present evidence that in 1995, while incarcerated at Airway Heights Corrections Center ("AHCC"), plaintiff filed a lawsuit alleging he was wrongfully being denied placement in a mental health program and/or a transfer out of state. Dkt. 72-2 at 2-3 (*Brandon v. Rolfs*, C95-5445-FDB, W.D. Wash., Report and Recommendation, Oct. 20, 1995). The Magistrate Judge issued a report and recommendation finding that plaintiff failed to allege facts in his complaint that amounted to a constitutional violation and recommending that the District Judge dismiss the action as frivolous under former 28 U.S.C. § 1915(d).[1] *Id.* The District Judge subsequently adopted the report and recommendation and dismissed the case as frivolous under former 28 U.S.C. § 1915(d). Dkt. 72-2 at 2 (*Brandon v. Rolfs*, C95-5445-FDB, W.D. Wash., Order Dismissing Complaint, Nov. 2, 1995).[2]

Defendants present evidence that plaintiff filed a second action in 1995 while incarcerated at AHCC, alleging his constitutional rights were violated by disclosure of

---

[1] At the time of plaintiff's action 28 U.S.C. § 1915(d) provided the court "may dismiss the case [of a plaintiff proceeding IFP] … if satisfied that the action is frivolous or malicious."

[2] The Court notes that the three strikes provision of 28 U.S.C. § 1915(g) applies to dismissals prior to the effective date of the statute. *See Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997) ("The statute does not state that it only applies to dismissals made after April 26, 1996, the effective date of the Act. Section 1915(g) prohibits *in forma pauperis* claims brought by prisoners who have, while incarcerated, on '3 or more *prior* occasions' had claims dismissed due to their frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g) (emphasis added). This language makes clear its application to claims dismissed *prior* to the current proceedings. We conclude that, in light of the purposes of the amendment, its reference to 'prior occasions' also must encompass dismissals that preceded the effective date of the act.").

REPORT AND RECOMMENDATION - 8

his telephone conversations. Dkt. 72-3 at 2-3 (*Brandon v. Wood*, C95-5479-FDB, W.D. Wash., Report and Recommendation, Oct. 30, 1995). The Magistrate Judge issued a report and recommendation finding plaintiff failed to allege any facts regarding the defendant's liability for the claimed constitutional violations and recommending the Court dismiss the case as frivolous under former 28 U.S.C. § 1915(d). *Id.* The District Judge subsequently adopted the report and recommendation and dismissed the case as frivolous under former 28 U.S.C. § 1915(d). Dkt. 72-4 at 2 ((*Brandon v. Wood*, C95-5479-FDB, W.D. Wash., Order Dismissing Complaint, Nov. 20, 1995).

Defendants present evidence that in 2021, while incarcerated at Monroe Correctional Complex ("MCC"), plaintiff filed an action alleging multiple defendants acted with deliberate indifference to his serious medical needs. Dkt. 72-6 at 2-8 (*Brandon v. Dept. of Corrections, et al.*, 3:21-cv-5417-JCC-DWC, W.D. Wash., Report and Recommendation, Nov. 19, 2021). The Magistrate Judge issued a report and recommendation finding that plaintiff's complaint failed to state a claim upon which relief may be granted. *Id.* The Magistrate Judge found plaintiff failed to allege facts showing defendants were aware of orders placed by another doctor and that, even if he had, he alleged, at most, that defendants had not provided the treatment recommended by a different medical professional which alone, was insufficient to state a claim. *Id.* The Magistrate Judge also found that plaintiff's conclusory allegation of an equal protection violation was merely a reiteration of his deliberate indifference claim. *Id.* Accordingly the Magistrate Judge recommended dismissing the claims for failure to state a claim and that the dismissal count as a strike under 28 U.S.C. § 1915(g). *Id.* The District Judge adopted the report and recommendation, dismissed the complaint for failure to state a

REPORT AND RECOMMENDATION - 9

claim, and determined the dismissal constituted a strike under 28 U.S.C. § 1915(g). Dkt. 72-8 at 2-4 (*Brandon v. Dept. of Corrections, et al.*, 3:21-cv-5417-JCC-DWC, W.D. Wash., Order Adopting Report and Recommendation, Dec. 16, 2021).

The evidence shows plaintiff had incurred at least three strikes under 28 U.S.C. § 1915(g) when this case was filed. Plaintiff does not dispute that he had incurred three strikes prior to filing this action. *See* Dkt. 73.

Plaintiff is therefore barred from proceeding IFP in this action unless he can show he was under "imminent danger of serious physical injury" at the time the case was filed. 28 U.S.C. § 1915(g).

The imminent danger exception requires a prisoner allege a danger which is "ready to take place" or "hanging threateningly over one's head." *Cervantes*, 493 F.3d at 1056. "[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)." *Id.* at 1053.

The Ninth Circuit has held that "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to interpret the imminency requirement.'" *Id.* (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)). A plaintiff must make specific or credible allegations showing the threat is real and proximate. *See Cervantes*, 493 F.3d at 1053 (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Ruiz v. Woodfill*, No. 2:20-CV-2078-TLN-DBP, 2020 WL 7054389, at *2 (E.D. Cal. Dec. 2, 2020), *report and recommendation adopted*, No. 2:20-CV-02078-TLN-DB, 2021 WL 148385 (E.D. Cal. Jan. 15, 2021); *Andrews*, 493 F.3d at 1057 n. 11. A plaintiff must provide "specific fact

allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

"Vague and utterly conclusory assertions" of harm are not sufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). The "imminent danger" exception applies "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis*, 279 F.3d at 531. "[I]n order to qualify for the § 1915(g) imminent danger exception, the three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022).

In cases where the plaintiff has filed an amended complaint, courts have taken different positions regarding whether "imminent danger" is properly assessed at the time of filing of the original complaint or at the time of filing of the operative amended complaint. *See Bradford v. Usher*, No. 117CV01128DADSAB, 2019 WL 4316899, at *3 (E.D. Cal. Sept. 12, 2019) (noting courts have taken different position on this issue and comparing *Jonassen v. United States*, 671 Fed. App'x 668, 668 (9th Cir. 2016) ("The district court revoked Jonassen's *in forma pauperis status* without considering Jonassen's proposed Third Amended Complaint ("TAC"), which made plausible allegations that Jonassen was 'under imminent danger of serious physical injury' at the time he lodged the TAC."); *Burke v. St. Louis City Jails*, 603 Fed. App'x 525, 525–26 (8th Cir. 2015) ("[T]he District Court should have considered whether Burke met the imminent-danger exception when he filed his amended complaint, not when he filed his original complaint."), *with, e.g.*, *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir.

1  2010) (considering both an initial and amended complaint and holding that "we do not
2  conclude that the facts alleged support a finding that he was in imminent danger at the
3  time he filed his initial complaint")); *and see Wilson v. Merritt*, No. 1:22-CV-00455-JLT-
4  CDB (PC), 2024 WL 3842103, at *7 (E.D. Cal. Aug. 16, 2024), *report and*
5  *recommendation adopted*, 2024 WL 4607681 (E.D. Cal. Oct. 29, 2024) ("The imminent
6  danger exception assessment is measured at the commencement of the action and
7  does not require subsequent reevaluation of an operative or amended complaint.").
8        Here, the Court finds that plaintiff fails to sufficiently allege imminent danger
9  either in his original complaint or in the operative second amended complaint.
10       In his original complaint, filed on March 20, 2025, plaintiff named as defendants:
11 Strange, Secretary, DOC; Stephen Sinclair, Director of DOC; Larry M. Connels,
12 Certified Mental Health Specialist; John Campbell, DOC staff member; and Jason
13 Bennett, Superintendent of SCCC. Dkt. 1. Plaintiff alleged that since 2020, DOC
14 repeatedly put gang members in his cell and did not give him protection. *Id.* He alleged
15 he has had medicines stolen and believed he has had a heart attack because of the
16 constant "badgering." *Id.* He alleged his physical and mental health diminished. *Id.* He
17 alleged he was being "constantly harassed" by the staff at various DOC institutions, had
18 a lack of medical help, and his personal property was stolen. *Id.* As relief, plaintiff
19 requested "proper medical and mental healthcare" and to be compensated for the
20 physical and mental abuse. *Id.*
21       Plaintiff's generalized and conclusory allegations regarding unidentified gang
22 members being placed in his cell at some unidentified time by unidentified DOC
23 personnel failed to satisfy the imminent danger requirement. Plaintiff's allegations in the
24
25

REPORT AND RECOMMENDATION - 12

original complaint failed to set forth specific facts showing a threat of serious physical injury that was real and proximate at the time he filed his original complaint.

Plaintiff's second amended complaint, filed on January 7, 2025, also does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Cervantes*, 493 F.3d 1047. Plaintiff makes generalized allegations about being celled with sex offenders while housed at CRCC, that he was celled with an inmate with racial bias, and that plaintiff incurred a serious infraction for threatening that inmate. Dkt. 61. Plaintiff alleges CRCC has gang members and that his transfer to CRCC without adequate safety from other inmates and staff caused plaintiff to incur several serious infractions contributing to the denial of clemency. *Id.*

Plaintiff alleges defendants Jackson and Bennett violated his rights by transferring him or allowing him to be transferred to CRCC. *Id.*

These allegations are generalized and conclusory; plaintiff does not assert facts showing a threat of serious physical injury that was real and proximate at the time he filed his second amended complaint. At the time plaintiff filed his second amended complaint he had been transferred out of CRCC and was housed at WSP. Dkt. 61.

In his second amended complaint plaintiff also alleges defendant Gollr, a doctor at SCCC, violated his right to adequate medical care. Dkt. 61. He alleges on March 1, 2023, he was taken to see a new cardiologist for his six-month heart examination and consultation and that the cardiologist directed that plaintiff return to his office in six months or in September 2023. *Id.* He alleges DOC did not call to set the appointment despite the direction that he return to the cardiologist in six months and that it took over fifteen months to see the cardiologist again. *Id.* Although unclear, plaintiff appears to

allege that defendant Gollr was responsible for him not being seen by the cardiologist again at six months. *Id.* He alleges defendant Gollr's reports regarding incidents since March 1, 2023, are not accurate and that he is not in remission. *Id.* But plaintiff also submits medical records showing that he was seen by an outside cardiologist on June 20, 2024, and December 30, 2024. *See* Dkt. 56 at 1-6.

Plaintiff's allegations regarding the delay in scheduling a follow-up cardiologist appointment fail to establish he was in imminent danger of serious physical injury when he filed his second amended complaint on January 7, 2025. Although plaintiff alleges his follow up appointment with a cardiologist after his March 2023 visit was delayed, he does not identify any specific injury caused by the delay and his own records reflect he was seen by an outside cardiologist on June 20, 2024, and on December 30, 2024, just prior to the filing of his second amended complaint. *See* Dkt. 56. Furthermore, in response to defendants' motion to revoke, plaintiff acknowledges he was seen again by a cardiologist on March 25, 2025, and was "informed of his upcoming heart surgery." Dkt. 73.

Plaintiff argues he meets the imminent danger exception because he is being "denied medical care for his infected right toe" and related pain and swelling. Dkt. 73. Plaintiff alleges non-defendant physician's assistant Jennifer Meyers has failed to adequately treat his toe as she has refused to see him at sick call. *Id.*

These allegations fail to demonstrate plaintiff was in imminent danger of serious physical injury at the time he filed either his original complaint (on March 20, 2024) or his second amended complaint (on January 7, 2025). Plaintiff's toe issue is not raised in his original complaint or in his second amended complaint nor is physician's assistant

1  Jennifer Meyers named as a defendant therein. Rather, based on plaintiff's allegations,
2  the issue with plaintiff's toe appears to have developed after the filing of his second
3  amended complaint. Furthermore, in a subsequent filing plaintiff submits documentation
4  in the form of resolution requests and kites that reflect that plaintiff was seen on March
5  20, 2025, and April 3, 2025, regarding his toe and that he was subsequently scheduled
6  to have his toenail removed but chose to cancel the appointment to seek a second
7  opinion from a different provider. Dkt. 81 at 11-16. Plaintiff's allegations regarding his
8  toe raised in opposition to defendants' motion to revoke fail to demonstrate he was in
9  imminent danger of serious physical injury at the time he filed his response to the
10 motion (on April 1, 2025) or that he was in imminent danger of serious physical injury
11 due to his toe issue at the time his original complaint or his second amended complaint
12 were filed.

13      Plaintiff has also filed a motion for "Rule 35 relief" in which he reiterates his
14 allegations regarding inadequate medical care related to his toe, and indicates he filed a
15 "resolution complaint" requesting a second opinion from a licensed medical doctor or Dr.
16 Ball, M.D. (Jennifer Meyers' supervisor). Dkt. 76. He also alleges he canceled his
17 toenail removal because he was requesting a second opinion and had an "expert", "Dr.
18 Carson" scheduled for a video meeting. *Id.*

19      Defendants oppose plaintiff's motion to the extent plaintiff seeks to have the
20 Court order a medical examination related to his toe complaint. Dkts. 77, 78.

21      Federal Rule of Civil Procedure 35, states that "[t]he court where the action is
22 pending may order a party whose mental or physical condition . . . to submit to a
23 physical or mental examination by a suitably licensed or certified examiner." The Court

24

25

REPORT AND RECOMMENDATION - 15

first notes that plaintiff's allegations regarding inadequate treatment for his toe are not the subject of this action. Furthermore, "Rule 35 does not allow for a physical examination of oneself." *Berg v. Prison Health Servs.*, 376 F. App'x 723, 724 (9th Cir. 2010). And, "a prisoner cannot use Rule 35 as a mechanism for obtaining a second medical opinion when [as here] he disagrees with the course of treatment prescribed by prison medical personnel." *Gannaway v. Prime Care Med., Inc.*, 150 F. Supp. 3d 511, 523 (E.D. Pa. 2015), *aff'd sub nom. Gannaway v. PrimeCare Med., Inc.*, 652 F. App'x 91 (3d Cir. 2016).

Therefore, the Court should deny plaintiff's motion for "Rule 35 relief."

Plaintiff has also filed two motions for "Rule 26 relief." Dkts. 79, 81. Federal Rule of Civil Procedure 26 addresses the "Duty to Disclose" and "General Provisions Governing Discovery."

Plaintiff's first motion for "Rule 26 relief" is identical to his motion seeking "Rule 35 relief" but he attempts to raise it under "Rule 26." Dkt. 79. Plaintiff's second motion for "Rule 26 relief" again alleges inadequate medical care by Jennifer Meyers related to his toe, alleges he has sought a second opinion from a physician, and alleges that he suffers anxiety and panic attacks due to placement at WSP with gang members. Dkt. 81.

Plaintiff fails to identify (in either motion) what relief he is seeking under Rule 26 and, accordingly, the Court should deny these motions. If the Court revokes plaintiff's IFP status, and plaintiff does not pay the filing fee, the Court should dismiss and deny all the other motions as moot.

REPORT AND RECOMMENDATION - 16

CONCLUSION

For the reasons set forth above, the undersigned recommends that: defendants' motion to revoke plaintiff's IFP status and to stay the answer deadline (Dkts. 71, 74) should be GRANTED; plaintiff's IFP status should be revoked; and the answer deadline should be stayed. The undersigned further recommends that plaintiff be directed to pay the remainder owed of the $405.00 filing fee within thirty (30) days of the order adopting the report and recommendation if he wishes to proceed with this lawsuit and that the action be terminated if he fails to do so. The undersigned recommends that plaintiff's motions for "Rule 35 relief" (Dkt. 76) and "Rule 26 relief" (Dkts. 79, 81) should be DENIED. A proposed order is attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **June 11, 2025**, as noted in the caption.

Dated this 27th day of May, 2025.

REPORT AND RECOMMENDATION - 17

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 18