UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MYRON GAYLORD BRANDON,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>STRANGE et al.,<br><br>　　　　　　　　Defendant. | CASE NO. 3:24-cv-05399-DGE-TLF<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 83) |

　　　　Before the Court is United States Magistrate Judge Theresa L. Fricke's Report and Recommendation ("R&R"). (Dkt. No. 83.) Plaintiff filed a "motion for reconsideration" pursuant to Local Civil Rule 7(h) (Dkt. No. 84) and supplemental "exhibits." (Dkt. Nos. 84, 85, 88, 89). The Court construes Plaintiff's filings as objections to the R&R. Defendants responded to Plaintiff's filings. (Dkt. Nos. 86, 87.)

**A. Legal Authority**

　　　　A district court reviews de novo "those portions of the report or specified proposed findings or recommendations to which [an] objection is made." 28 U.S.C. § 636(b)(1)(C); *see*

*also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Objections to an R&R must be "specific." Fed. R. Civ. P. 72(b)(2). Mere incorporation of arguments from the underlying motions, without identifying "what portions of the R&R" the objecting party "considers to be incorrect," does not constitute a specific objection, *Amaro v. Ryan*, 2012 WL 12702, at *1 (D. Ariz. Jan. 4, 2012), and therefore does not give rise to a court's obligation to conduct a de novo review, *Brandon v. Dep't of Corr.*, 2021 WL 5937685, at *1 (W.D. Wash. Dec. 16, 2021). "In the absence of a specific objection, the [C]ourt need only satisfy itself that there is no 'clear error' on the face of the record before adopting the magistrate judge's recommendation." *Venson v. Jackson*, 2019 WL 1531271, at *1 (S.D. Cal. April 8, 2019).

**B.  Plaintiff has Three Strikes under 42 U.S.C. § 1915(g)**

The R&R recommends granting Defendants' motion to revoke Plaintiff's *in forma pauperis* ("IFP") status and stay the answer deadline (Dkt. Nos. 71, 74) because Plaintiff has three strikes under 28 U.S.C. § 1915(g). (Dkt. No. 83.)

A more complete recitation of the procedural history in this case is contained in the R&R. (Dkt. No. 83 at 2–6.) In sum, Plaintiff is currently incarcerated at Washington State Penitentiary and commenced this 42 U.S.C. § 1983 action proceeding under IFP status.

28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP[,]" unless the prisoner is under imminent danger of serious physical injury. *Andrews v. King*, 398 F.3d 1113,

116 n. 1 (9th Cir. 2005); 28 U.S.C. § 1915(g).  The R&R found Plaintiff has three "strikes" and that his complaint does not allege "imminent danger" of physical injury.  (Dkt. No. 83 at 8–10.)

First, in 1995 Plaintiff brought an action while incarcerated in Airway Heights Corrections Center ("AHCC') alleging he was wrongfully denied placement in a mental health program and/or transfer out of state.  (Dkt. No. 72-1 at 2.)  The R&R in that matter found Plaintiff's case was frivolous.  (*Id.* at 3.)  The district judge adopted the R&R in full, thereby finding the action frivolous.  (Dkt. No. 72-2.)

Second, in 1995 Plaintiff filed an action while incarcerated in AHCC alleging his constitutional rights were violated by disclosure of his telephone conversations.  (Dkt. No 72-3 at 2–3.)  Thereto the R&R found Plaintiff's claim to be frivolous, which the district judge adopted.  (*Id*. at 3; Dkt. No. 72-4 at 2.)

Third, in 2021 Plaintiff filed an action while incarcerated in Monroe Correctional Complex alleging defendants acted with deliberate indifference to his serious medical conditions.  *Brandon v. Dept. of Corrections*, et al., 3:21-cv-5417-JCC-DWC, Dkt. No. 12 (W.D. Wash. 2021).  The court adopted the R&R dismissing the complaint for failure to state a claim and determined the dismissal was a strike under 28 U.S.C. § 1915(g).  *Brandon*, 3:21-cv-5417-JCC-DWC, Dkt. No. 17 (W.D. Wash. 2021).  Plaintiff did not dispute he has incurred three strikes under 28 U.S.C. § 1915(g).  (*See generally* Dkt. Nos. 73, 84, 85, 88.)

Accordingly, as the R&R finds, Plaintiff has three strikes pursuant to 28 U.S.C. § 1915(g).

**B. Plaintiff has Not Demonstrated Imminent Danger of Serious Physical Injury**

The R&R found Plaintiff's original complaint (Dkt. No. 1.) contained "generalized and conclusory allegations regarding unidentified gang members being placed in his cell at some

1   unidentified time by unidentified DOC personnel" that did not satisfy the imminent danger

2   requirement. (Dkt. No. 83 at 12.) Likewise, the R&R found Plaintiff's second amended

3   complaint (Dkt. No. 61) contained generalized and conclusory allegations that did not show a

4   threat of serious physical injury. (*Id.* at 13.) Plaintiff argued he faced imminent danger because

5   he was being denied medical care for his infected right toe. (Dkt. No. 73.) The R&R found

6   Plaintiff did not raise medical care for his toe in his complaints and that Plaintiff filed medical

7   records that he was scheduled to have his toenail removed and he chose to cancel the medical

8   appointment. (Dkt. No. 83 at 15.) Further, on May 8, 2025, Plaintiff consented to removing his

9   toenail. (Dkt. No. 85 at 5.) Therefore, Plaintiff has not demonstrated he was in imminent danger

10  of serious physical harm at the time he filed his complaints, nor has he established he faces

11  imminent danger of serious physical harm due to his ingrown toenail.

12         Accordingly, because Plaintiff has three strikes under 28 U.S.C. § 1915(g) and has not

13  made a showing of serious imminent physical injury, the Court ADOPTS the R&R revoking

14  Plaintiff's *in forma pauperis* ("IFP") status and staying the answer deadline (Dkt. Nos. 71, 74).

15         **C. Plaintiff's Rule 35 and Rule 26 Motion are Denied**

16         The R&R recommends denying Plaintiff's motion for "Rule 35 relief" which seeks the

17  Court order a medical examination on his toe. (Dkt. No. 76.) Rule 35 provides "The

18  court . . . may order a party whose mental or physical condition . . . is in controversy to submit to

19  a physical or mental examination[.]" Fed. R. Civ. Pro. 35(1). The R&R recommends denying

20  the motion because "Rule 35 does not allow for a physical examination of oneself." *Berg v.*

21  *Prison Health Servs.*, 376 F. App'x 723, 724 (9th Cir. 2010). The Court ADOPTS the R&R

22  denying Plaintiff's motion for a Rule 35 examination.

23

24

1       The R&R also recommends denying Plaintiff's motions under Rule 26 (Dkt. Nos. 79, 81), concluding they also seek medical examinations and otherwise fail to identify any relief allowable under Rule 26.  (Dkt. No. 83 at 16.)  Plaintiff does not challenge these conclusions. (*See generally* Dkt. Nos. 84, 85, 88.)

      Having reviewed the record de novo, the Court ORDERS as follows:

1. The Court adopts the Report and Recommendation;
2. Plaintiff's objections (Dkt. Nos. 84, 85, 88, 89) are DENIED.
3. Defendants' motion to revoke plaintiff's IFP status and to stay the answer deadline (Dkt. Nos. 71, 74) is GRANTED.  Plaintiff's IFP status is revoked, and the answer deadline is stayed;
4. Plaintiff shall pay the remainder owed of the $405.00 filing fee by **July 13, 2025,** if he wishes to proceed with this lawsuit.  If plaintiff does not timely make the required filing fee payment, the Clerk's Office is directed to terminate this action;
5. Plaintiff's motions for "Rule 35 relief" (Dkt. 76) and "Rule 26 relief" (Dkt. Nos. 79, 81) are DENIED;
6. The Clerk is directed to send copies of this order to plaintiff, counsel for defendants, and Judge Fricke.

Dated this 13th day of June, 2025.

                                                  David G. Estudillo
                                                  United States District Judge