UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MYRON GAYLORD BRANDON,

                Plaintiff,

    v.

STRANGE, et al.,

                Defendants.

Case No. 3:24-cv-05399-DGE-TLF

ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL

This matter comes before the Court on plaintiff's second motion to appoint counsel. Dkt. 91. For the reasons discussed below, plaintiff's motion (Dkt. 91) is denied without prejudice.

A plaintiff has no constitutional right to appointed counsel in an action under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved", to make an assessment whether exceptional circumstances

show that counsel should be appointed. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff previously moved for appointment of counsel in this case in March of this year. Dkts. 59, 64. By order dated May 1, 2025, the Court denied plaintiff's motion without prejudice. Dkt. 82. In that order the Court found that: plaintiff had not identified conditions that rendered this case extraordinary or set his circumstances apart significantly from those of other incarcerated litigants; that he had thus far demonstrated that he is able to file pleadings and motions in the case and the contents of those filings demonstrated a sufficient grasp of the legal issues involved, as well as an adequate ability to articulate the factual bases of his claims; and that in these early stages of the proceedings, plaintiff's claims did not appear to be complex, and the Court did not possess sufficient information for evaluating likelihood of success on the merits. *Id.*

In his second motion to appoint counsel, plaintiff simply requests counsel but presents no argument in support of his request. Dkt. 91.

//

//

//

ORDER DENYING SECOND MOTION FOR
APPOINTMENT OF COUNSEL - 2

Accordingly, the Court concludes that this case does not, currently, present extraordinary circumstances warranting the appointment of counsel. *See Wilborn*, 789 F.2d at 1331. The Court therefore DENIES plaintiff's second motion for appointment of counsel (Dkt. 91) without prejudice.

Dated this 28th day of July, 2025.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING SECOND MOTION FOR
APPOINTMENT OF COUNSEL - 3