UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MYRON GAYLORD BRANDON,<br><br>                Plaintiff,<br>    v.<br>STRANGE, et al., ,<br><br>                Defendants. | Case No. 3:24-cv-05399-DGE-TLF<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME AND MOTION FOR APPOINTMENT OF COUNSEL |

Plaintiff Myron Gaylord Brandon, a prisoner currently incarcerated at Washington State Penitentiary ("WSP"), proceeds *pro se* and *in forma pauperis* ("IFP") in this 42 U.S.C. § 1983 matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). This matter is before the Court on plaintiff's motion for an extension of the deadline to file an amended complaint (Dkt. 100) and plaintiff's motion to appoint counsel (Dkt. 101). Defendants oppose both requests. Dkts. 102, 103, 104, 105.

## BACKGROUND

In his second amended complaint – the current operative complaint -- plaintiff names the following as defendants: Eric L. Jackson, Deputy Assistant Secretary of the Department of Corrections ("DOC"); Jason Bennett, Superintendent at SCCC; and Gollr, medical doctor at the DOC. Dkt. 61 at 3.

ORDER DENYING MOTION FOR EXTENSION OF
TIME AND MOTION FOR APPOINTMENT OF
COUNSEL - 1

In Count I of the second amended complaint, plaintiff alleges defendant Jackson violated his Eighth Amendment rights to adequate personal safety and medical care. *Id.* He alleges since he transferred from MCC/SOU to SCCC "H-5" on July 25, 2022, he has had placement in cells with sex offenders in four units. *Id.* at 4-5. Plaintiff alleges he wrote to defendant Jackson several times informing him about concerns for his health and safety and constitutionally inadequate prison conditions. *Id.* He states that defendant Jackson responded by denying plaintiff's requests to transfer back to MCC/SOU/TRU or any minimum custody prison stating that prior to February 28, 2023, plaintiff did not qualify for such transfer. *Id.* Plaintiff claims he did qualify for the transfer. *Id.*

Plaintiff alleges in June 2024, the C.U.S. Mr. Jones forced plaintiff to cell with another inmate, James Berwick, who plaintiff appears to allege is white and has a racial bias against black and Hispanic individuals. *Id.* Plaintiff alleges on June 2, 2024, he received a "506 – serious infraction" for threatening Berwick "which is not true." *Id.* Plaintiff alleges on July 11, 2024, defendant Jackson transferred him to Coyote Ridge Corrections Center ("CRCC") at medium custody "knowing that prison had gang members, inadequate staff and no jobs." *Id.* Plaintiff alleges the that because of his placements at CRCC he received five serious infractions. *Id.*

Plaintiff alleges he was injured in that he received inadequate safety and health care and denial of mental health treatment. *Id.*

In Count II, plaintiff alleges defendant Bennett violated his right to adequate health and safety under the Eighth Amendment. *Id.* at 6-7. Plaintiff alleges defendant Bennett violated this right by allowing him to be transferred to CRCC on July 11, 2024,

ORDER DENYING MOTION FOR EXTENSION OF
TIME AND MOTION FOR APPOINTMENT OF
COUNSEL - 2

1  knowing that plaintiff had a September 2024 clemency hearing. *Id.* He alleges
2  defendant Bennett's decision to allow him to be transferred failed to provide plaintiff with
3  constitutionally adequate safety from other inmates and staff, caused him to receive five
4  serious infractions, and contributed to his December 2024 clemency proceeding being
5  denied after DOC staff reported to the Board. *Id.* Plaintiff also alleges he was prescribed
6  medications he was allergic to, specifically Zoloft. *Id.*

7  In Count III, plaintiff alleges defendant Gollr, a doctor at SCCC, violated his right
8  to adequate medical care. *Id.* at 7-8. Plaintiff alleges on March 1, 2023, plaintiff was
9  taken by SCCC transport to see a new cardiologist for his six-month heart examination
10 and consultation. *Id.* Plaintiff alleges the cardiologist directed that plaintiff return to his
11 office in six months or in September 2023. *Id.* Plaintiff alleges it took over fifteen months
12 to see the cardiologist. *Id.* He alleges that DOC had refused to allow him to visit the
13 cardiologist on time. *Id.* He alleges DOC did not call to set the appointment despite the
14 direction that he return to the cardiologist in six months. *Id.*

15 Although unclear, plaintiff appears to allege that defendant Gollr was responsible
16 for him not being seen by the cardiologist again at six months. *Id.* He alleges his health
17 services resolution complaints against Gollr and a CPN (Bonifer) were substantiated at
18 Levels 1, 2 and 3. *Id.* He alleges defendant Gollr's reports regarding incidents since
19 March 1, 2023, are not accurate and that he is not "in remission." *Id.* He alleges he
20 takes psychotropic medications and needs to be examined by a cardiologist by
21 December 2024. *Id.*

As relief, plaintiff seeks prosecution or demotion from DOC of defendants Jackson and Bennett. *Id.* at 9. He seeks an examination for his heart, blood, meds and compensation. *Id.* He also seeks an immediate transfer to MCC/SOU. *Id.*

In February 2025, the Court directed service of plaintiff's second amended complaint. Dkt. 58. Defendants filed an answer. Dkts. 80, 92. On July 29, 2025, the Court issued a pretrial scheduling order. Dkt. 99. As part of that pretrial scheduling order, the Court set a deadline of September 8, 2025, for the parties to file any motion to amend the pleadings. *Id.* The Court further stated that the deadlines in the pretrial scheduling order were firm and would not be extended except upon application to the Court with a showing of good cause. *Id.*

Plaintiff now moves for an extension of the deadline to move to amend the pleadings. Dkt. 100. Plaintiff has also filed a motion to appoint counsel. Dkt. 101.

## DISCUSSION

A.    Motion for Extension of Time

Plaintiff moves for an extension of the September 8, 2025, deadline to file a motion to amend the pleadings. Dkt. 100. Plaintiff contends he is having difficulty with his mental health provider and classification counselor and indicates he may sign recusal forms to stop his mental health treatment. *Id.* Plaintiff indicates he is "constantly being denied transfer requests to MCC/SOU; this time for petty non-programming with a group[.]" *Id.*

Defendants oppose plaintiff's motion arguing that he has failed to show good cause for an extension of the deadline. Dkts. 102, 103.

ORDER DENYING MOTION FOR EXTENSION OF
TIME AND MOTION FOR APPOINTMENT OF
COUNSEL - 4

The Court finds plaintiff has failed to show good cause for the extension of the deadline to move to amend his pleadings. He fails to explain how his generalized complaints about his mental health provider and classification counselor or the fact that he was recently denied transfer again to MCC/SOU are relevant to the original claims in his second amended complaint. Nor does he explain how these new complaints affect his ability to file a timely motion to amend his complaint. The Court also notes that plaintiff has also already had the opportunity to amend his complaint twice.

Accordingly, as plaintiff fails to show good cause for an extension of the deadline to move to amend the pleadings, his motion (Dkt. 100) is DENIED.

B.  Motion to Appoint Counsel

Plaintiff also moves for appointment of counsel. Dkt. 101.

A plaintiff has no constitutional right to appointed counsel in an action under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved", to make an assessment whether exceptional circumstances show that counsel should be appointed. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff

ORDER DENYING MOTION FOR EXTENSION OF
TIME AND MOTION FOR APPOINTMENT OF
COUNSEL - 5

must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff previously moved for appointment of counsel in this case twice and those motions were both denied. Dkts. 82, 98. Plaintiff first moved for appointment of counsel in this case in March of this year. Dkts. 59, 64. By order dated May 1, 2025, the Court denied plaintiff's first motion for counsel without prejudice. Dkt. 82. In that order the Court found that: plaintiff had not identified conditions that rendered this case extraordinary or set his circumstances apart significantly from those of other incarcerated litigants; that he had thus far demonstrated that he is able to file pleadings and motions in the case and the contents of those filings demonstrated a sufficient grasp of the legal issues involved, as well as an adequate ability to articulate the factual bases of his claims; and that in these early stages of the proceedings, plaintiff's claims did not appear to be complex, and the Court did not possess sufficient information for evaluating likelihood of success on the merits. *Id.*

In his second motion to appoint counsel, plaintiff simply requested counsel again but presented no argument in support of his request. Dkt. 91. By order dated July 28, 2025, the Court denied the motion concluding that plaintiff had not shown the case presented extraordinary circumstances warranting appointment of counsel. Dkt. 98.

In his current motion to appoint counsel, plaintiff again simply requests appointment of counsel but presents no argument in support of the request. Dkt. 101.

ORDER DENYING MOTION FOR EXTENSION OF
TIME AND MOTION FOR APPOINTMENT OF
COUNSEL - 6

Accordingly, the Court concludes that this case does not, currently, present extraordinary circumstances warranting the appointment of counsel. *See Wilborn*, 789 F.2d at 1331. The Court therefore DENIES plaintiff's third motion for appointment of counsel (Dkt. 101) without prejudice.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for extension of the deadline to file motions to amend the pleadings (Dkt. 100) is DENIED and plaintiff's third motion to appoint counsel (Dkt. 101) is DENIED without prejudice.

The Clerk is directed to provide a copy of this order to plaintiff and counsel for respondent.

Dated this 2nd day of September, 2025.

Theresa L. Fricke
United States Magistrate Judge