UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MYRON GAYLORD BRANDON,

              Plaintiff,

v.

ERIC JACKSON, et al.,

              Defendants.

Case No. 3:24-cv-05399-DGE-TLF

ORDER DENYING MOTION TO AMEND AND MOTION TO APPOINT COUNSEL AND RENOTING MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on plaintiff's motion to amend the complaint (Dkt 112) and motion to appoint counsel (Dkt. 111) and defendant Gollr's motion for summary judgment (Dkt. 108). Defendants have filed opposition to the motions to amend and for counsel (Dkts. 113, 114, 115). Plaintiff has not filed opposition to the motion for summary judgment.

## MOTION TO AMEND

In his motion to amend the complaint, plaintiff states that his counselor, who is not a named defendant in the action, has failed to provide adequate mental healthcare treatment in violation of the Eighth Amendment. Dkt. 112. He states "on 5-20-2025 the defendant requests that the HCSC-Health Care Screening Committee to retain the plaintiff at the Bar/RTU. The defendant participated with his supervisors to retain at RTU Bar units that does not have adequate mental healthcare treatment." *Id.*

ORDER DENYING MOTION TO AMEND AND MOTION
TO APPOINT COUNSEL AND RENOTING MOTION
FOR SUMMARY JUDGMENT - 1

Defendants oppose the motion on the grounds that plaintiff failed to attach a proposed amended complaint and that it is unclear whether plaintiff is seeking to supplement or amend his complaint or how, exactly, he is seeking to amend his complaint. Dkts. 113, 115.

Under Local Civil Rule ("LCR") 15, a party seeking leave to amend a pleading must "attach a copy of the proposed amended pleading as an exhibit to the motion[.]" The party must also "indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added." LCR 15. The Court provides *pro se* prisoners leniency with filings, but plaintiff must still show why leave to amend should be granted and must provide a copy of a complete proposed amended complaint. As plaintiff has not provided a copy of a complete proposed complaint, plaintiff has not complied with LCR 15.

Accordingly, plaintiff's motion to amend his complaint is denied without prejudice for failure to comply with the requirements of LCR 15.

## MOTION TO APPOINT COUNSEL

Plaintiff has moved for appointment of counsel on three prior occasions and his requests have been denied. Dkts. 82, 98, 107. In his current motion to appoint counsel plaint alleges only that he has attempted to secure counsel but has been unable to do so and that he has a constitutional right to counsel as a prisoner. Dkt. 112.

A plaintiff has no constitutional right to appointed counsel in an action under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995)

("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved", to make an assessment whether exceptional circumstances show that counsel should be appointed. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

As with his previous motions to appoint counsel, here, plaintiff has not identified conditions that render this case extraordinary or set his circumstances apart significantly from those of other incarcerated litigants. Plaintiff has thus far demonstrated that he is able to file pleadings and motions in the case and the contents of those filings demonstrate a sufficient grasp of the legal issues involved, as well as an adequate ability to articulate the factual bases of his claims.

Plaintiff's amended complaint alleges defendants violated his Eighth Amendment right to "adequate personal safety and medical care" by housing him with certain other inmates that allegedly posed a danger to him, providing him a medication he was

allergic to, and failing to schedule a timely follow up appointment with a cardiologist. Dkt. 61. At this stage of the proceedings, plaintiff's claims do not appear to be complex, and the Court does not possess sufficient information for evaluating likelihood of success on the merits.

Accordingly, the Court concludes that this case does not, at this time, present extraordinary circumstances warranting the appointment of counsel. *See Wilborn*, 789 F.2d at 1331. The Court therefore DENIES plaintiff's motion for appointment of counsel (Dkts. 111) without prejudice.

## MOTION FOR SUMMARY JUDGMENT

Defendant Gollr has also moved for summary judgment. Dkt. 108. Plaintiff has not filed a response to the motion for summary judgment. It is unclear whether plaintiff was waiting on the outcome of his motions to amend and for counsel before responding to the motion for summary judgment. In order to ensure that plaintiff has an adequate opportunity to respond to the motion for summary judgment, the Court hereby extends the deadline for plaintiff's response to the motion to **October 27, 2025**. Defendants may file a reply by **October 31, 2025**. The Clerk is directed to re-note defendants' motion for summary judgment to **October 31, 2025**. The Clerk is directed to provide a copy of this order to plaintiff and defense counsel.

Dated this 7th day of October, 2025.

Theresa L. Fricke
United States Magistrate Judge